# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLE NEWMAN,<br><br>                 Plaintiff,<br>  vs.<br><br>AMERICREDIT FINANCIAL SERVICES, INC.,<br><br>                 Defendant;<br>_____<br>SHIRLEY MACK,<br><br>                 Plaintiff,<br>  vs.<br><br>GENERAL MOTORS FINANCIAL CORP. f/k/a AMERICREDIT CORP.,<br><br>                 Defendant. | Case No. 11cv3041 DMS (BLM) consolidated with case no. 12cv3038 DMS (BLM)<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

In these consolidated actions for violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), Plaintiffs filed a motion for class action certification and preliminary approval of class action settlement, which Defendant does not oppose. Plaintiffs request settlement class certification, appointment as class representatives, appointment of three law firms as class counsel, and preliminary approval of the settlement.

- 1 -

1  Defendant administers automobile loan accounts. Plaintiffs and the proposed nation-wide
2 class are individuals who received phone calls to their mobile phones from Defendant or Defendant's
3 agent using autodialing equipment or a prerecorded voice message in violation of the TCPA. The
4 proposed class period covers calls made from December 30, 2007 through the preliminary settlement
5 approval date. The calls were made to individuals regardless of whether they had a loan account with
6 Defendant. For example, Plaintiff Newman's brother had an auto loan account, but the calls were
7 made to Ms. Newman's mobile phone number, and Plaintiff Mack, who also did not have an auto loan
8 account, received calls because the previous mobile phone owner apparently had an account.

9  The consolidated actions settled without any substantive motion practice. The lead case,
10 Newman v. AmeriCredit Financial Services ("Newman action"), settled with some informal discovery
11 after two conferences with Magistrate Judge Barbara Lynn Major and a two-day mediation with
12 Magistrate Judge Leo S. Papas (ret.). Mack v. General Motors Financial Corp. f/k/a AmeriCredit
13 Corp., 12cv3038 ("Mack action"), filed in the U.S. District Court for the Northern District of Illinois,
14 was settled during discovery, with the court reserving ruling on a motion to compel. After it became
15 likely that the Newman action would settle, the Mack action was transferred to this Court and the
16 actions were consolidated in anticipation of settlement.

17  Plaintiffs seek certification of a settlement class, including appointment of themselves as class
18 representatives and appointment of three law firms as class counsel. Federal Rule of Civil Procedure
19 23(a)(4) requires a showing that "the representative parties will fairly and adequately protect the
20 interests of the class." This requirement is grounded in constitutional due process concerns, as "absent
21 class members must be afforded adequate representation before entry of judgment which binds them."
22 *Hanlon v. Chrysler Corp*, 150 F.3d 1011, 1020 (9th Cir. 1998). In reviewing this issue, courts must
23 resolve two questions: "(1) do the named plaintiffs and their counsel have any conflicts of interest with
24 other class members, and (2) will the named plaintiffs and their counsel prosecute the action
25 vigorously on behalf of the class?" *Id*. (citation omitted). Ms. Newman and Ms. Mack seek
26 appointment as class representatives; however, only Ms. Newman filed a declaration. The declaration
27 addresses the representation issues in a perfunctory manner. Plaintiffs' evidence is insufficient for
28 the Court to make the necessary findings. In addition, pursuant to Rule 23(g), the law firms of Hyde

& Swigart, Kazerouni Law Group, APC, and Burke Law Offices, LLC seek appointment as class counsel. The Court is not inclined to appoint all three firms without an explanation why all of the firms are needed to adequately represent the settlement class.

A class action settlement may be approved only based on a finding that the settlement is "fair, reasonable, and adequate." Fed. R. Civ. Proc. 23(e)(1)(C). In general terms, the settlement (*see* Decl. of Joshua B. Swigart Ex. 1) provides for a lump sum payment of $6.5 million from Defendant. The payment would be divided as follows: (1) up to $2,040,000 for attorneys' fees; (2) up to $25,000 for costs; (3) class action notice and settlement administration costs; (4) $10,000 to the class representatives as incentive payments; and (5) pro rata payments to class members of no more than $500 per claim. Only one claim can be submitted (a) for a joint loan account with only one associated mobile phone number; or (b) when multiple mobile phone numbers are associated with the same person; and (c) regardless of the number of calls placed to the mobile phone number. If the number of submitted claims results in a pro-rata distribution greater than $500 per claim, the excess over $500 per claim is to be distributed as a *cy pres* distribution to the Consumers Union. On the other hand, if a large number of claims is submitted resulting in a pro-rata distribution of less than $30 per claim, then Defendant's settlement payment is increased up to $8.5 million.

The benefit of the settlement to the class members is difficult to evaluate because it is unclear what recovery the class members can expect. In part, this is because the motion does not disclose a firm estimate of the first notice and settlement administration costs, and the size of the class is unclear. Plaintiffs indicate that the pool from which class membership will be determined consists of 1,477,090 auto loan accounts with 2,805,051 associated mobile phone numbers. Only individuals who were actually called to a mobile phone number are members of the putative class, however. Defendant maintains a database of accounts, telephone numbers and calls, and it appears that the size of the class can be more precisely estimated than the information provided in the motion. With a clearer estimate of the notice and settlement administration costs, and the size of the class, Plaintiffs should be able to provide the Court and the class with a more reliable estimate of the amount the class members can expect to recover if each class member files a claim.

1    Furthermore, the proposed claim distribution raises fairness issues. The class period spans
2 more than five years, yet class members who received one unlawful call to their mobile phone would
3 be compensated the same as those who received numerous calls over the years. Because it appears
4 that Defendant maintains a database of mobile phone calls, it may be possible to distribute the
5 settlement more equitably among the class members.

6    The motion also does not adequately address the *cy pres* award. The *cy pres* award may be
7 used in class action settlements "where the proof of individual claims would be burdensome or
8 distribution of damages costly." *Dennis v. Kellogg Co*., 697 F.3d 858, 865 (9th Cir. 2012) (internal
9 quotation marks and citation omitted). Plaintiffs do not contend that either is the case here, as they
10 propose class notice and claim processing through direct mail. The practical effect of the award
11 therefore appears to be to limit the class members' recovery to $500. The motion does not address
12 the rationale for this decision, considering that Defendant has agreed to pay at least $6.5 million and
13 that the statute permits an award greater than $500, *see* 47 U.S.C. § 227(b)(3). Furthermore, a *cy pres*
14 award "must be guided by (1) the objectives of the underlying statute(s) and (2) the interests of the
15 silent class members, and must not benefit a group too remote from the plaintiff class." *Id*. (internal
16 quotation marks and citations omitted). These issues are not addressed in the motion.

17    In addition, the motion does not address the strengths and weaknesses of Plaintiffs' claims and
18 Defendant's defenses other than to state in a conclusory fashion that they justify the settlement. A
19 substantive, albeit summary, discussion of these issues is necessary not only for the Court to make the
20 requisite findings under Rule 23(e)(1)(C), but to give proper notice to the class under Rule 23(c)(2).

21    Included in the motion is Plaintiffs' request for approval of the proposed notice. (*See* Joshua
22 B. Swigart Decl. Exs. B & C.) In this regard, the Court directs counsel to review the Order Granting
23 with Modifications Plaintiff's Amended Motion for Preliminary Approval of Class Action Settlement,
24 filed in this Court in case no. 11cv1805-DMS (KSC) on April 4, 2013. Plaintiffs should incorporate,
25 as appropriate, the modifications to the notice made in that case, and model the proposed order on the
26 April 4, 2013 order.

27    Finally, as a part of the settlement, Plaintiffs seek $5,000 each as incentive awards. Incentive
28 awards are "intended to compensate class representatives for work done on behalf of the class, [and]

1 to make up for financial or reputational risk undertaken in bringing the action ... ." *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 958-59 (9th Cir. 2009). The amount of the award must be related to the actual service or value the class representative provides to the class. *See id.* at 960. Plaintiffs have provided no evidence to support their award requests.

Accordingly, Plaintiffs' motion for preliminary approval of class action settlement is **DENIED WITHOUT PREJUDICE** to filing it again, provided it addresses the issues noted above together with all other issues necessary for the Court to make appropriate findings.

**IT IS SO ORDERED.**

DATED: April 15, 2013

_____
HON. DANA M. SABRAW
United States District Judge

- 5 -