**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

NICOLE NEWMAN,

Plaintiff,

vs.

AMERICREDIT FINANCIAL SERVICES, INC.,

Defendant.

Case No. 11cv3041 DMS (BLM)

**ORDER GRANTING AMENDED UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

Pending before the Court in this action for violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), is Plaintiff's amended motion for class certification and preliminary approval of class action settlement.[1] Defendant filed a notice of non-opposition. Plaintiff's prior motions seeking the same relief were denied on April 15, 2013 and February 3, 2014, respectively. Subsequently, the parties conducted additional discovery and amended the settlement agreement. The motion came on for hearing on November 24, 2014. Abbas Kazerounian and Alexander Burke appeared for Plaintiff; Chad Fuller, Naomi Spector and Marci Mancuso appeared for

[1] This action was consolidated with *Mack v. General Motors Financial Corp., Inc.*, 12cv 3038-DMS (BLM) for purposes of class action settlement. After Ms. Mack passed away on May 17, 2013, her daughter, Julie Schultz, for herself and on behalf of the estate, settled Ms. Mack's individual claims. Accordingly, on November 14, 2013, the *Mack* action was dismissed with prejudice as to Plaintiff's individual claims. The putative class members' claims were dismissed without prejudice.

Defendant. Having read and considered Plaintiff's motion papers and counsel's presentations at the hearing, the amended motion is granted.

Defendant administers automobile loan accounts. Plaintiff and the proposed nation-wide class are individuals who allegedly received calls to their mobile phones from Defendant using autodialing equipment or a prerecorded voice message in violation of the TCPA. In her complaint, Plaintiff alleges claims for negligent, knowing and willful TCPA violations. Plaintiff requests $500 in statutory damages for each negligent violation, and treble statutory damages of up to $1,500 for each knowing or willful violation, as well as injunctive relief against future violations. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

The action settled without any substantive motion practice after two conferences with Magistrate Judge Barbara Lynn Major and a two-day mediation with Magistrate Judge Leo S. Papas (ret.). The parties conducted formal and informal discovery in the present case. Plaintiff also benefitted from discovery in *Mack v. General Motors Financial Corp., Inc.*,12cv3038-DMS (BLM), a related action which has since been dismissed.

In general, the amended settlement agreement provides for certification of a class action for settlement purposes and Defendant's payment of up to $8.5 million[2] in exchange for a release from class members without Defendant's admission of fault. (Kazerounian Decl." Ex. 1 (Settlement Agreement dated Oct. 25, 2013) ("Settlement").)

Plaintiff proposes to certify a class defined as:

> all persons who were called on a cellular telephone by Defendant ... or a third party dialing company on behalf of Defendant, using an automated telephone dialing system or by prerecorded voice message between December 30, 2007 through one week prior to the date of the hearing on the Second Amended Motion for Preliminary Approval of Class Action Settlement.

---

[2] Defendant is obligated to pay a minimum of $6.5 million. If $6.5 million is insufficient for class member awards of at least thirty dollars ($30) each, Defendant is obligated to pay an additional sum necessary to increase the awards to thirty dollars ($30) each. However, Defendant is not obligated to pay more than a total of $8.5 million. (Settlement ¶ 1.22.)

(*Id*. Ex 1 (Addendum to the Settlement Agreement ("Addendum") ¶1.04.) Accordingly, the proposed class includes individuals who had an auto loan account with Defendant and those who did not, so long as Defendant called them on their mobile phone without consent. For example, Plaintiff Nicole Newman's brother had an auto loan account, but the calls were made to Plaintiff's mobile phone, even though she did not have an account.

According to the settlement, Defendant's payment is allocated as follows: (1) notice and settlement administration costs, estimated at $1,552,491 (Passarella Decl. at 3); (2) attorneys' fees and costs of class counsel of up to $2,065,000, subject to an appropriate motion, including proof of reasonableness, *see* Fed. R. Civ. Proc. 23(h); (3) class representative's incentive award of up to $1,500, subject to an appropriate motion, *see Radcliffe v. Experian Info. Solutions, Inc.*, 715 F.3d 1157 (9th Cir. 2013); and (4) a pro rata distribution, based on a tiered recovery system, to class members who submit valid claims. (Addendum ¶ 1.22.) Class member recovery is allocated per mobile phone number called, resulting in one recovery per number, even if the same class member was called on more than one mobile number or if more than one individual was associated with Defendant's account. (Settlement ¶1.06.) Class members may elect a minimum recovery estimated at $30 per mobile number, without the need to present evidence of the number of calls received from Defendant. (Addendum ¶ 1.22.) Class members desiring a higher recovery must submit proof of the number of calls. (*Id*.) The estimated tiered recovery is $60 for two to five calls per mobile number; $90 for six to ten calls; $120 for eleven to fifteen calls; and $150 for more than fifteen calls. (*Id*.) If the total amount of claims exceeds $8.5 million, individual awards will be reduced *pro rata***.**

As of November 14, 2014, Defendant identified 3,091,108 unique mobile phone numbers as having been sent to the automatic dialer. (Kinley Decl. filed Nov. 20, 2014, at 2.) It is Defendant's practice to call numbers that are sent to the dialer, whether or not the numbers belong to individuals who have an auto loan account with Defendant.

(*Id*. at 2-3.) Assuming that (1) each mobile phone number is associated with a different class member, and each class member makes a valid claim for the minimum award, (2) the notice and settlement administration costs are as estimated, and (4) the class counsel and representative are awarded their entire requests, the award will approximate $1.58 per class member, even if Defendant pays the maximum sum of $8.5 million.

Before approving a class action settlement agreement, the Court must make a finding that a class may be certified. *See, e.g., Molski v. Gleich*, 318 F.3d 937, 943, 946-50 (9th Cir. 2003), *rev'd on other grounds by Dukes v. Wal-Mart Stores, Inc.*, 603 F.3d 571 (9th Cir. 2010). "The class action is 'an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only.'" *Wal-Mart Stores, Inc. v. Dukes*, ___U.S.___, 131 S.Ct. 2541, 2550 (2011). "A party seeking class certification must satisfy the requirements of Federal Rule of Civil Procedure 23(a) and the requirements of at least one of the categories under Rule 23(b)." *Wang v. Chinese Daily News, Inc.*, 709 F.3d 829, 832 (9th Cir. 2013); *United Steel, Paper & Forestry, Rubber, Mfg. Energy, Allied Indus. & Serv. Workers Int'l Union v. ConocoPhillips Co.*, 593 F.3d 802, 806-07 (9th Cir. 2010) ("*United Steel*") (burden is on the moving party). Plaintiff seeks certification under Rule 23(a) and (b)(3).

Although the fact of settlement is relevant to the class certification analysis, certification must nonetheless meet Rule 23(a) and (b)(3) requirements, which demand heightened attention in the settlement context:

> Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems, see Fed. Rule Civ. Proc. 23(b)(3)(D), for the proposal is that there be no trial. But other specifications of the Rule—those designed to protect absentees by blocking unwarranted or overbroad class definitions—demand undiluted, even heightened, attention in the settlement context. Such attention is of vital importance, for a court asked to certify a settlement class will lack the opportunity, present when a case is litigated, to adjust the class, informed by the proceedings as they unfold.

*Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997), *see also id.* at 620-27.

This action meets the class certification requirements. The proposed class consists of individuals associated with 3,091,108 mobile phone numbers. The class therefore meets the numerosity requirement. The action is based on the allegations that Defendant used an autodialer to call each of the mobile numbers. Based on the evidence presented in support of the motion, Defendant had a practice of calling every number sent to the automatic dialer. The issues whether Defendant's automatic dialer meets the TCPA definition and whether the calls were knowing or willful TCPA violations are common to all class members. Finally, only individuals who did not consent to the calls are members of the class. Accordingly, the legal and factual issues presented are sufficiently uniform to meet the commonality and predominance requirements. Based on the allegations in the complaint, Plaintiff's claims are typical under the amended class definition, as liability is not driven by the question whether class members had an auto loan account with Defendant, but solely by whether Defendant called them without consent to a mobile phone number using an automatic dialer or a prerecorded voice. Plaintiff and his counsel have demonstrated they can adequately represent the absent class members. Finally, the Court finds that maintenance of this action as a class action is superior to individual litigation. This action therefore meets the class certification requirements.

Rule 23(e) requires court approval of class action settlements. A class action settlement may be approved only based on a finding that the settlement is "fair, reasonable, and adequate." Fed. R. Civ. Proc. 23(e)(2). The settlement proponents ultimately bear the burden to show that the proposed settlement meets this standard. *Staton v. Boeing Co.*, 327 F.3d 938, 959 (9th Cir. 2003); *see also Officers for Justice v. Civil Svc. Comm'n. of the City and County of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982). The factors relevant to the inquiry include the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed; the stage of the proceedings; absence of collusion

between the negotiating parties, and the experience and views of counsel. *Staton*, 327 F.3d at 959-60.

Prior to filing the pending motion, the parties engaged in extensive informal and formal discovery. The settlement in its present form was reached after a two-day mediation with Magistrate Judge Leo S. Papas (ret.), and arm's-length negotiations assisted by Magistrate Judge Barbara Lynn Major, including extensive negotiations after Plaintiff's motion for preliminary approval was twice denied by this Court. All counsel recommend that the Court approve the settlement. Based on the foregoing and the assessment of the strengths and weaknesses of Plaintiff's case as discussed in the pending motion, the probable course of further litigation in the absence of settlement, the risk of maintaining class action status through trial, and the class member benefits provided by the settlement, the Court makes a preliminary finding that the settlement is fair, reasonable and adequate.

With respect to the class notice, Rule 23(c)(2)(B) requires "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Rule 23(e)(1) requires reasonable notice to all class members who would be bound by the proposed settlement. The notice must explain in easily understood language the nature of the action, definition of the class, class claims, issues and defenses, ability to appear through individual counsel, procedure to request exclusion, and the binding nature of a class judgment. Fed. R. Civ. P. 23(c)(2)(B).

The notice procedure under the settlement as amended, and as elaborated in the pending motion, includes four components: (1) a full notice in a question and answer format posted on the settlement website along with the claim and opt-out forms and other important documents; (2) summary postcard notice with a claim form to putative class members whose addresses are available; (3) summary notice by publication in USA Today; and (4) an internet advertising campaign targeting 150 million internet impressions with a link to the settlement website. (*See* Passarella Decl. filed Oct. 14,

2014; Kazerouni Decl. at 10-12.) The proposed method meets the requirements of Rule 23(c)(2)(B) and (e)(1).

The content of the proposed notices, attached as Exhibits B, C & E to Plaintiff's Exhibit 1, is approved pursuant to Rule 23(c)(2)(B) and (e)(1), but with the following changes:[3]

a. Long Form Notice (Ex. B):

Paragraph 3, "What if I did not get a postcard with notice of the Settlement?": At the end of line 1, after "it is likely," insert the following clause: "your name may not have been associated with an AmeriCredit account, ...".

Paragraph 5(2), "What are the terms of the Settlement?: The first sentence shall read: "Each Class Member who submits a Valid Claim Form may elect to receive up to $30 per cell phone number dialed during the Class Period."

Paragraph 5(3), "What are the terms of the Settlement?: The phrase "up to" shall be added to the amounts listed in subparagraphs I. through iv.

Paragraph 7(2), "How can I make a claim for monetary payment?: Include the following sentence at line 1: "Although using the form is not required, you may download a claim form from the Settlement Administrator's website, www.NewmanAmeriCreditSettlement.com. Whether or not you use the form, your claim must include your: ...".

Paragraph 11, "How do I get out of the Settlement?" and Paragraph 15, "How do I tell the Court that I do not like the Settlement": The correct reference to the case number is 11cv3041-DMS-BLM.

The Long Form notice shall include the dates when the claim administrator website and/or telephone number ceases to be active, and provide an alternative convenient means for obtaining information about the case and specific claim processing status after that date.

---

[3] Text additions are marked by underscoring and deletions are marked by strikeouts. Ellipses indicate that the omitted part of the sentence or paragraph is unchanged.

  b. Postcard Notice (Ex. C):

The second to the last sentence of the second to the last paragraph on page 2 shall read as follows: "More information, including a complete notice with additional important information, the claim form and opt-out form, and copies of the settlement agreement and important case filings, is available at www.NewmanAmeriCreditSettlement.com."

The Postcard Notice shall include the dates when the claim administrator website and/or telephone number ceases to be active, and provide an alternative convenient means for obtaining information about case and specific claim processing status after that date.

c. Publication Notice (Ex. E):

The fifth and sixth sentences of the second paragraph shall read in pertinent part as follows: "~~Claim amounts~~ Actual settlement distribution to each Class Member will be based on: (1) the total number of claims received; and (2) the amount of Settlement Benefits ~~needed~~ available to pay the claims ... . To inquire about the Settlement or to access a complete notice with additional important information, the claim form and opt-out form, and copies of the settlement agreement and important case filings, call ... ." The last sentence of the second to the last paragraph shall be deleted.

The Publication Notice shall also include the dates when the claim administrator website and/or telephone number ceases to be active, and provide an alternative convenient means for obtaining information about case and specific claim processing status after that date.

Finally, the Court approves the claim processing and class action administration procedure as proposed in the amended settlement and elaborated in the pending motion. The parties have cured the issues identified in the February 3, 2014 order denying preliminary approval of class action settlement.

Based on the foregoing, the Court finds and orders as follows:

1. This action meets the class certification requirements of Federal Rule of Civil Procedure 23(a) and (b)(3). Pursuant to Rule 23(c), the Court conditionally certifies, for settlement purposes only, the following class:

> All persons who were called on a cellular telephone by Defendant, as defined in the Settlement Agreement, or a third party dialing company on behalf of Defendant, using an automatic telephone dialing system or by prerecorded voice message between December 30, 2007 through November 14, 2014.

2. Plaintiff Nicole Newman is appointed as class representative. Pursuant to Rule 23(g), her counsel Abbas Kazerounian and Alexander H. Burke are appointed as class counsel ("Class Counsel").

3. The settlement as amended is approved on a preliminary basis, and the Court preliminarily approves the terms of the settlement as fair, reasonable and adequate under Rule 23(e).

4. On conditions specified in the body of this order, the Court finds that the method of distribution, form and content the notice of class certification and proposed settlement, attached as Exhibits B, C & E to Plaintiff's Exhibit 1 and as stated in the settlement with its addendum and described in the pending motion, satisfy due process requirements and the requirements of Rule 23(c)(2) and (e)(1), and collectively constitute the best notice practicable under the circumstances.

5. Kurtzman Carson Consultants LLC ("KCC") is appointed as settlement administrator. KCC shall comply with its duties as set forth in the settlement with its addendum, and as represented in the pending motion. The settlement website and toll-free number shall be maintained by KCC through December 31, 2015.

6. No later than **December 5, 2014**, Defendant shall deliver a class member list to KCC as provided in the Addendum ¶ 2.02.

7. No later than **December 26, 2014**, KCC shall (1) mail the postcard notice by First Class United States Mail; (2) establish and maintain a settlement website, www.NewmanAmeriCreditSettlement.com with capacity to process claims and requests for exclusion, and provide access to documents such as the postcard notice, the long

form notice (in both English and Spanish), claim and exclusion request forms, the settlement agreement and addendum with exhibits, including the claim and request for exclusion forms, any motions for attorneys' fees, costs and/or class representative incentive awards, and orders relating to preliminary and final approval of class action settlement, or any subsequent orders relevant to the status of the settlement; (3) open a toll-free phone line to class members; (4) commence an online advertising campaign notifying class members of the settlement, which will include 150 million impressions through Xaxis's Premium Network (XPN); and (5) publish the notice in USA Today.

8. No later than **March 26, 2015**, (1) class members shall submit claims on the website or postmark them if submitted by mail, and (2) Plaintiff shall file a motion for attorneys' fees, costs and class representative's incentive award, if any.

9. No later than **April 6, 2015**, (1) putative class members shall submit any requests for exclusion on the website or postmark them if submitted by mail, and (2) Defendant shall give notice of objection to any claim.

10. No later than **April 24, 2015**, class members shall submit objections or file motions to intervene, if any.

11. No later than **May 8, 2015**, Plaintiff shall file a motion for final approval of class action settlement, and any supplemental briefing in support of motion for attorneys' fees, costs and incentive award. In addition to the required and customary filings, the motion papers shall include (1) an affidavit regarding any responses by the attorneys general to the notice served pursuant to 28 U.S.C. § 1715; and (2) KCC's affidavit regarding compliance with its duties under the settlement, its addendum, and this Order, a copy of the notices distributed to the class, a report on the number of class members to whom notice was mailed, the number of undelivered notices, efforts to locate correct addresses for undelivered notices after the first mailing, number of notices sent to the updated addresses in a second mailing, the number of such notices returned undelivered, the number of visits to the settlement website as a result of the online advertising campaign, the number of class members seeking exclusion (including

untimely requests), the number of class members to whom payment will be made, the average class member payment, and the range between the highest and lowest payments.

12. A hearing is set on this Court's calendar for **Friday, May 22, 2015, at 1:30 p.m.** in Courtroom 13A of the United States District Court for the Southern District of California, located at 333 West Broadway, San Diego, California 92101, to determine all necessary matters concerning the settlement, including: whether the proposed settlement is fair, adequate, and reasonable; whether the settlement should be finally approved by the Court; whether the plan of allocation contained in the settlement should be approved as fair, adequate, and reasonable; whether to grant any motions for attorneys' fees, costs, and the class representative incentive award; and whether a judgment should be entered (the "Final Approval Hearing").

13. The Final Approval Hearing may be postponed, adjourned, or continued by order of the Court without further notice to the class. After the Final Approval Hearing, the Court may enter an order and final judgment that will adjudicate the rights of the class members with respect to the claims being settled.

14. Any class member may choose to opt out of and be excluded from the class as provided in the notice by following the instructions set forth in the notice. Any class member who chooses to opt out of and be excluded from the class will not be entitled to any recovery under the settlement and will not be bound by the settlement or have any right to object to the settlement or appeal the judgment. Any request to opt out must be in writing signed by the class member seeking to opt out. Individuals in the class who have not requested exclusion shall be bound by all determinations of the Court, the settlement and any judgment that may be entered thereon.

15. Any class member may appear at the Final Approval Hearing and object to the settlement or any motion for attorneys' fees, costs or incentive award ("Objectors"). Objectors may present evidence and file briefs relevant to the issues to be heard and determined by the Court. No later than April 24, 2015, Objectors shall

serve their briefs, if any, by hand or by first class mail upon Class Counsel and Defendant, and file them with the Clerk of this Court.

16. As of the date this Order is signed, all dates and deadlines associated with this action shall be stayed, other than those related to the administration of the settlement.

17. If the settlement does not become effective in accordance with its terms, or the settlement is not finally approved, or is terminated, canceled or fails to become effective for any reasons, this Order shall be vacated upon an appropriate motion filed no later than seven calendar days after the triggering event.

18. Nothing contained in this Order is, or may be construed as, any admission or concession by or against either side on any point of fact or law.

19. Pending final determination of whether the settlement should be approved, Plaintiff, all persons in the class, and persons purporting to act on their behalf, are enjoined from commencing or prosecuting (either directly, representatively, or in any other capacity) against any of the Released Persons any action, arbitration, or proceeding in any court, arbitration forum or tribunal asserting any of the released claims.

**IT IS SO ORDERED.**

DATED: November 26, 2014

HON. DANA M. SABRAW
United States District Judge