**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NICOLE NEWMAN,<br><br>                Plaintiff,<br>vs.<br><br>AMERICREDIT FINANCIAL SERVICES, INC.,<br><br>              Defendant. | Case No. 11cv3041 DMS (BLM)<br><br>**ORDER ON JOINT SUPPLEMENTAL MOTION RE: ADDITIONAL CLASS MEMBERS** |

    Pending before the Court in this consumer class action is the parties' Joint Supplemental Motion Re: Additional Class Members ("Joint Motion"). The parties seek preliminary approval of their second addendum to the settlement agreement (Joint Mot. Ex. A ("Addendum")), which provides for notice to additional class members. For the reasons which follow, the motion is granted.

    Defendant administers automobile loans. Plaintiff and the class members are individuals who allegedly received calls to their mobile phones from Defendant in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). Plaintiff alleged claims for negligent, knowing and willful TCPA violations. She sought $500 in statutory damages for each negligent violation, and treble statutory damages of up to $1,500 for each knowing or willful violation, as well as injunctive relief against future violations. The parties have settled all claims.

On November 26, 2014, the Court issued an order approving the settlement on a preliminary basis and certifying a settlement class ("Preliminary Approval Order"). Notice was distributed to the class pursuant to the Preliminary Approval Order. According to the Joint Motion, postcard notice was mailed directly to nearly 3 million class members nation-wide. Class members submitted their claims, requests for exclusion and/or objections. During claim processing the parties discovered that due to Defendant's programming error, an additional 208,353 individuals, who were included in the class definition, were omitted from the mailing list ("Class 2"). The parties requested, and the Court granted, a postponement of the final settlement fairness hearing to allow for briefing and consideration of the parties' Addendum to the settlement agreement relating to Class 2.

In the Preliminary Approval Order, the Court certified a settlement class under Federal Rule of Civil Procedure 23(a) and (b)(3). Although the parties refer to the newly-identified class members as "Class 2," Class 2 members are not a subclass of the initially-certified class. Like the initially-noticed class members, Class 2 members were called on their mobile phones using a dialer without prior express consent. (Joint Motion at 4-5.) Moreover, the Addendum does not modify the definition of the previously certified class. (Addendum ¶1.04.) For the reasons stated in the Preliminary Approval Order, which are incorporated herein by reference, this action continues to meet Rule 23(a) and (b)(3) requirements notwithstanding identification of Class 2 members.

A class action settlement may be approved only based on a finding that the settlement is "fair, reasonable, and adequate." Fed. R. Civ. Proc. 23(e)(2). Because the Addendum was added to the settlement, the Court must consider whether the settlement as a whole still meets Rule 23(e) requirements.

The settlement approved in the Preliminary Approval Order required Defendant to pay up to $8.5 million in exchange for a release. Defendant was obligated to pay a minimum of $6.5 million. If $6.5 million was insufficient for class member awards of

at least thirty dollars ($30) each, Defendant was obligated to pay an additional sum necessary to increase minimum awards to up to thirty dollars ($30) each, but was not obligated to pay more than a total of $8.5 million, even if it was insufficient to raise the minimum awards to $30. Class members could elect a minimum recovery (estimated at $30), or, if they desired a higher recovery, they had to submit proof of the number of calls they received from Defendant. The latter alternative was estimated to yield $60 for two to five calls per mobile number; $90 for six to ten calls; $120 for eleven to fifteen calls; and $150 for more than fifteen calls. If the total amount of claims exceeded $8.5 million, all individual awards were reduced *pro rata.*

The Addendum ensures that the previously-noticed class members' ("Class 1") recovery is not diluted or diminished by the addition of 208,353 Class 2 members. (Addendum ¶ 1.22.) To accomplish this, Defendant is obligated to pay additional funds if necessary to ensure that Class 2 members are compensated equally as Class 1 members with equivalent claims.[1] By way of example, this means that a Class 2 member who elects the minimum $30 recovery will receive the same amount as a Class 1 member who elected the minimum $30 recovery. The actual amount of recovery is equal in both instances, although it could be less than $30. If Defendant paid $8.5 million for the settlement of Class 1 claims, but those claims exceeded $8.5 million, the sum was to be pro rated among Class 1 claims, resulting in the minimum award below $30. If this is the case with Class 1, Defendant must provide additional funds in excess of $8.5 million maximum to ensure that Class 2 members electing the minimum award receive the same amount as Class 1 members who elected the minimum award, albeit all class members, whether Class 1 or Class 2, who elected the minimum, receive less

---

[1] Class 1 claims were submitted before the parties filed their Joint Motion. The parties therefore were able to determine prior to filing the Joint Motion whether Defendant had to pay more than the minimum $6.5 million for settlement of Class 1 claims, whether the payment was the maximum $8.5 million, and whether the claims exceeded $8.5 million so as to require pro-ration among Class 1 members. None of this information has been shared with the Court.

- 3 -

than $30. The same principle applies to the larger, tiered claims which require proof of the number of calls.

The Addendum ensures that Class 1 awards are not diluted, and provides for equal awards to Class 2. Accordingly, for the reasons stated on the Preliminary Approval Order, which are incorporated herein by reference, the settlement as a whole, including the Addendum, is approved on a preliminary basis as fair, reasonable, and adequate.

The Addendum provides for a direct mail first class postcard notice to Class 2, as well as posting an amended long form notice on the settlement website, both with essentially the same content as the previously-approved notice except for the addition of new information pertaining to Class 2. Class 2 is provided the same amount of time as Class 1 to submit claims, notices of exclusion and objections.

Rule 23(c)(2)(B) requires "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Rule 23(e)(1) requires reasonable notice to all class members who would be bound by the proposed settlement. The notice must explain in easily understood language the nature of the action, definition of the class, class claims, issues and defenses, ability to appear through individual counsel, procedure to request exclusion, and the binding nature of a class judgment. Fed. R. Civ. P. 23(c)(2)(B).

For the reasons stated in the Preliminary Approval Order, which are incorporated herein by reference, the method of distributing notice to Class 2 complies with due process and Rule 23(c) and (e). Because the addition of Class 2 does not dilute Class 1 awards, and the time for Class 1 members to submit their claims and requests for exclusion had expired when the Joint Motion was filed, neither due process nor Rule 23 requires amended individual notice to Class 1.

The content of the Class 2 postcard notice and amended long form notice are the same as initially approved in the Preliminary Approval Order, with the addition of information pertaining to Class 2. For the reasons stated in the Preliminary Approval

Order, which are incorporated herein by reference, and because they sufficiently appraise Class 2 members of their status in the case, the postcard notice to Class 2 members and the amended long form notice comply with due process and Rule 23 (Kazerouninan Decl. Exs A &. B (doc. no. 88)), but only with the following changes:

  a. Both notices must reflect the settlement administrator's website and phone line deactivation date which is consistent with this Order.

  b. The settlement website shall conspicuously announce that the long form notice has been amended because more class members have been identified.

Based on the foregoing, the Court finds and orders as follows:

1. The Joint Motion is granted on the conditions stated in this Order.
2. This Order supplements the Preliminary Approval Order.
3. This action meets the class certification requirements of Federal Rule of Civil Procedure 23(a) and (b)(3), notwithstanding the identification of Class 2 members.
4. Notwithstanding Class 2 members, the settlement as a whole, including the Addendum, continues to meet Rule 23(e) requirement that a class action settlement be fair, reasonable and adequate.
5. On conditions specified in this Order, the method of distribution, form and content of notice to Class 2 members meet due process requirements and the requirements of Rule 23(c)(2) and (e)(1), and collectively constitute the best notice practicable under the circumstances.
6. Defendant shall bear the settlement administration costs for Class 2. (Addendum ¶ 2.02.)
7. The settlement administrator shall maintain the settlement website and toll-free number through September 30, 2016.
8. The settlement administrator shall upload this Order and the modified long form notice to the settlement website no later than three (3) business days of the date of this Order.

9. The settlement administrator shall mail the postcard notice to Class 2 by First Class United States Mail no later than thirty (30) calendar days of the date of this Order.

10. No later than ninety (90) days following the mailing of the postcard notice to Class 2, (1) Class 2 members shall submit claims on the website or postmark them if submitted by mail; and (2) Plaintiff shall file any supplement to her motion for attorneys' fees, costs and class representative's incentive award, if any, which shall be uploaded forthwith to the settlement website.

11. No later than one hundred and one (101) days following the mailing of the postcard notice to Class 2, Class 2 members shall submit any requests for exclusion on the website or postmark them, if submitted by mail.

12. No later than one hundred nineteen (119) days following the mailing of the postcard notice to Class 2, Class 2 members shall submit objections or file motions to intervene, if any.

13. No later than thirty (30) calendar days prior to the final approval hearing, Plaintiff shall file her motion for final approval of class action settlement.

14. A hearing is set on this Court's calendar for **Friday, March 25, 2016, at 1:30 p.m.** in Courtroom 13A of the United States District Court for the Southern District of California, located at 333 West Broadway, San Diego, California 92101, to determine all necessary matters concerning the settlement, including: whether the proposed settlement is fair, adequate, and reasonable; whether the settlement should be finally approved by the Court; whether the plan of allocation contained in the settlement as a whole should be approved as fair, adequate, and reasonable; whether to grant any motions for attorneys' fees, costs, and the class representative incentive award; and whether a judgment should be entered (the "Final Approval Hearing").

15. The Final Approval Hearing may be postponed, adjourned, or continued by order of the Court without further notice to the class. After the Final Approval

Hearing, the Court may enter an order and final judgment that will adjudicate the rights of the class members with respect to the claims being settled.

16. Any class member may appear at the Final Approval Hearing and object to the settlement or any motion for attorneys' fees, costs or incentive award ("Objectors"). Objectors may present evidence and file briefs relevant to the issues to be heard and determined by the Court. No later than February 26, 2016, Objectors shall serve their briefs, if any, by hand or by first class mail upon Class Counsel and Defendant, and file them with the Clerk of this Court.

**IT IS SO ORDERED.**

DATED: September 22, 2015

_____
HON. DANA M. SABRAW
United States District Judge