# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLE NEWMAN, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br>v.<br><br>AMERICREDIT FINANCIAL SERVICES, INC.,<br><br>    Defendant. | Case No. 11-cv-3041-DMS (BLM)<br><br>**FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**<br><br>Hon. Dana M. Sabraw |

Now pending before the Court is plaintiff Nicole Newman's ("Plaintiff") unopposed Motion for Final Approval of Class Action Settlement in this Action against defendant AmeriCredit Financial Services, Inc. ("AmeriCredit" or "Defendant") for alleged violations of the Telephone Consumer Protection Act

("TCPA"), 47 U.S.C. § 227, *et seq*.

## BACKGROUND

On August 29, 2012, after active litigation, arm's-length negotiations, and two full days of mediation before the Honorable Leo S. Papas (Ret.), the Parties[1] entered into a class action settlement agreement. On February 8, 2013, Plaintiff filed the agreement, along with an Unopposed Motion for Preliminary Approval of Class Action Settlement and Certification of Settlement Class (Dkt. No. 32), which the Court denied without prejudice on April 15, 2013 (Dkt. No. 35).

The Parties subsequently executed an amended Settlement Agreement ("Agreement") on October 16, 2013, and Plaintiff filed an Amended Unopposed Motion for Preliminary Approval of Class Action Settlement on October 25, 2013 (Dkt. No. 42). The Court denied Plaintiff's amended motion without prejudice on February 3, 2014, and issued a detailed Order specifying certain deficiencies with the proposed settlement (Dkt. No. 48).

On October 14, 2014, Plaintiff filed a Second Amended Motion for Preliminary Approval of Class Action Settlement (hereinafter referred to as the "Preliminary Approval Motion"), which was again unopposed by Defendant, and which included an Addendum to the Settlement Agreement ("Addendum") addressing issues raised by the Court in its February 3, 2014 Order, as well as an updated Agreement with corrected paragraph numbering.

In compliance with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, on October 22, 2014, the Settlement Administrator, at Defendant's request and direction, served written notice of the proposed Settlement on the United

---

[1] Plaintiff Newman was at that time joined as named plaintiff through consolidation with another action with Shirley Mack, who passed away on May 17, 2013. *See Mack v. General Motors Fin. Corp.*, No. 12-3038 (S.D. Cal.) (originally transferred from the Northern District of Illinois). On November 14, 2013, the *Mack* action was dismissed with prejudice as to Plaintiff Mack's individual claims, and without prejudice as to the putative class members' claims. Dkt. No. 45.

States Attorney General and the attorney generals of each state.

On November 26, 2014, upon consideration of the Agreement, Addendum, Preliminary Approval Motion, and the record, the Court entered an Order preliminarily approving the Settlement (hereinafter referred to as the "Preliminary Approval Order"). Pursuant to the Preliminary Approval Order, the Court (i) preliminarily certified (for settlement purposes only) a class (hereinafter referred to as the "Class" or "Class Members") with respect to the claims asserted in the Action; (ii) preliminarily approved the proposed Settlement; (iii) appointed Plaintiff Nicole Newman as the representative of the Class ("Class Representative"); (iv) appointed Kazerouni Law Group, APC and Burke Law Offices, LLC as Class Counsel; and (v) set the date and time of the Final Approval Hearing.

On March 25, 2015, Plaintiff timely filed her motion for attorneys' fees, costs, and for an incentive award for the Class Representative. Additionally, timely supplemental briefing in support of the motion for attorneys' fees, costs, and for an incentive award was filed on December 31, 2015.

On May 7, 2015, the Parties informed the Court of additional Class Members to be noticed. On June 29, 2015, the Parties filed a Joint Motion for Order Approving Agreement as to Additional Class Members, which was granted on September 22, 2015 in the Order On Joint Supplemental Motion Re: Additional Class Members (the "Order Re: Additional Class Members"). The Court rescheduled the Final Approval Hearing to March 25, 2016 at 1:30 p.m.

On February 24, 2016, Plaintiff filed a timely motion requesting final approval of the Settlement (hereinafter referred to as the "Final Approval Motion"). Pursuant to their Final Approval Motion, the Parties request final certification of the Class under Federal Rule of Civil Procedure 23(b)(3), and final approval of the Settlement.

On March 11, 2016, Plaintiff filed Plaintiff's Response to Objections to Class Action Settlement.

On March 18, 2016, Defendant filed its Statement of Non-Opposition to

Plaintiff's Motion for Final Approval of Class Action Settlement.

On March 23, 2016, Mariamma Braxton filed a Motion to Belatedly Opt Out of the Settlement Class ("Motion to Belatedly Opt Out"), with a hearing date set for April 29, 2016. Plaintiff filed a response thereto on March 24, 2016.

On March 24, 2016, Plaintiff filed Supplemental Briefing in Support of Motion for Final Approval of Class Action Settlement.

On March 25, 2016, a hearing ("Final Approval Hearing") was held pursuant to Rule 23 to determine whether the Action satisfies the applicable prerequisites for class action treatment, and whether the proposed Settlement is fundamentally fair, reasonable, adequate, and in the best interests of the Class Members, warranting approval by the Court. The Court has read and considered the Agreement, Addendum, Final Approval Motion, and the record. All capitalized terms used herein have the meanings defined in the Parties' Agreement and Addendum, unless defined otherwise herein.

## LEGAL STANDARD

Courts require a higher standard of fairness when settlement takes place prior to class certification to ensure class counsel and defendants have not colluded in settling the case. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998). Ultimately, "[t]he court's intrusion upon what is otherwise a private consensual agreement negotiated between the parties to a lawsuit must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982).

Courts consider several factors in determining whether a proposed settlement is "fair, adequate and reasonable" under Rule 23(e), including: (1) the strength of the

case; (2) the risk, expense, complexity and likely duration of further litigation and the risk of maintaining class action status throughout the trial; (3) the stage of the proceedings (investigation, discovery and research completed); (4) the settlement amount; (5) whether the class has been fairly and adequately represented during settlement negotiations; and (6) the reaction of the class to the proposed settlement. *Staton v. Boeing Co.*, 327 F.3d 938, 959 (9th Cir. 2003).

Judicial policy favors settlement in class actions and other complex litigation where substantial resources can be conserved by avoiding the time, cost, and rigors of formal litigation. *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 720 F. Supp. 1379, 1387 (D. Ariz. 1989).

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. <u>JURISDICTION</u>: The Court has jurisdiction over the subject matter of the Action and over all settling Parties hereto.

2. <u>CLASS MEMBERS</u>: Pursuant to Rule 23(b)(3), this Action is hereby finally certified, for settlement purposes only, as a class action on behalf of the following Class or Class Members:

> All persons who were called on a cellular telephone by Defendant, as defined in the Settlement Agreement, or a third party dialing company on behalf of Defendant, using an automatic telephone dialing system or by prerecorded voice message between December 30, 2007, through November 14, 2014.

3. <u>CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT</u>: Pursuant to Rule 23, the Court finally certifies Plaintiff Nicole Newman as the Class Representative, and Abbas Kazerounian of Kazerouni Law Group, APC and Alexander Burke of Burke Law Offices, LLC as Class Counsel.

4. <u>NOTICE AND CLAIMS PROCESS</u>: Pursuant to the Court's Preliminary Approval Order and Order Re: Additional Class Members, the Settlement Administrator has complied with the approved notice process, as confirmed in its declaration filed with the Court. The form and method for notifying Class Members of the Settlement and its terms and conditions was in conformity with this Court's Preliminary Approval Order and Order Re: Additional Class Members, satisfied the requirements of Rule 23(c)(2)(B) and due process, and constituted the best notice practicable under the circumstances. The Court finds that the Class Notice was clearly designed to advise the Class Members of their rights. Further, the Court finds that the claim process set forth in the Agreement (and the Addendums thereto) was followed and that the process was the best practicable procedure under the circumstances.

5. <u>FINAL CLASS CERTIFICATION</u>: For settlement purposes only, the Court again finds that the Action satisfies the applicable prerequisites for class action treatment under Rule 23, namely:

   A. The more than two million Class Members are so numerous that joinder of all of them in the Action would be impracticable;

   B. There are questions of law and fact common to the Class, which predominate over any individual questions;

   C. The claims of Plaintiff are typical of the claims of the Class;

   D. Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all the Class Members; and,

   E. Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

6. The Court finds that the Settlement of this Action, providing for a minimum settlement payment of $6,500,000 and a maximum payment of $8,500,000, on

the terms and conditions set forth in the Agreement and Addendums thereto, is in all respects fundamentally fair, reasonable, adequate, and in the best interests of the Class, especially in light of the benefits to the Class Members, the strength of the representative Plaintiff's case, the complexity, expense, and probable duration of further litigation, the risk and delay inherent in possible appeals, and the risk of collecting any judgment obtained on behalf of the Class.

7. SETTLEMENT TERMS: The Agreement, which has been filed along with the Addendum and Second Addendum and all other attachments with the Court, which shall be deemed incorporated herein, and the proposed Settlement, are finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended by any order issued by this Court.

   A. Valid claims: As of March 24, 2016, there were 87,908 timely and valid claims received, which number may increase following final review by the Settlement Administrator. Of those claims, 87,445 claims are entitled to a payment of $30; 205 are entitled to a payment of $60; 108 are entitled to a payment of $90; 41 are entitled to a payment of $120; and 109 are entitled to a payment of $150. Pursuant to the Settlement Agreement, each validly claiming Class Member shall receive a recovery per cellular telephone called that is part of the Settlement.

      1. Defendant shall pay $30[2] to each of the claimants who submitted a timely and Valid Claim Form, and who received only one call or opted

---

[2] Each validly claiming class member is guaranteed an award of at least $30, which is reasonable compared to similar class action settlements under the TCPA. "[I]t is well-settled law that a proposed settlement may be acceptable even though it amounts to only a fraction of the potential recovery that might be available to the class members at trial." *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 527 (C.D. Cal. 2004) (citing *Officers for Justice v. Civil Serv. Comm'n of City & Cnty. of San Francisco*, 688 F.2d 615, 628 (9th Cir. 1982)).

   for the No Proof Election set forth in the Addendums to the Settlement Agreement;

   2. Defendant shall pay $60 to each of the claimants who submitted a timely and Valid Claim Form, and who opted for the Tiered Recovery option under the Addendums to the Settlement Agreement, and submitted proof of between 2-5 calls received;

   3. Defendant shall pay $90 to each of the claimants who submitted a timely and Valid Claim Form, and who opted for the Tiered Recovery option under the Addendums to the Settlement Agreement, and submitted proof of between 6-10 calls received;

   4. Defendant shall pay $120 to each of the claimants who submitted a timely and Valid Claim Form, and who opted for the Tiered Recovery option under the Addendums to the Settlement Agreement, and submitted proof of between 11-15 calls received;

   5. Defendant shall pay $150 to each of the claimants who submitted a timely and Valid Claim Form, and who opted for the Tiered Recovery option under the Addendums to the Settlement Agreement, and submitted proof of more than 15 calls received;

B. Late Claims: As of March 24, 2015, 2,858 late claims were received, which number may increase. Late claims received by the Settlement Administrator as of March 25, 2016 are approved to the extent the claims would otherwise be valid. This includes late claims selecting a tiered recovery that were submitted without any proof or lacking sufficient proof for a higher tier claim, or where no box on the claim form was checked to indicate whether the Class Member was electing a no proof recovery or a tiered recovery, where the claims were valid in all other respects. Such claims shall be paid as follows per valid cellular telephone number identified on the claim form: (i) $30.00 if the Class Member elected a no

proof recovery or failed to check any box indicating the claim amount sought; or (ii) if a tiered recovery was selected, the tiered recovery amount only for which adequate proof was submitted;

C. Deficient Claims: Claims determined by the Settlement Administrator to be timely yet deficient shall be deemed approved inasmuch as the deficiencies are cured by April 1, 2016.

D. Incentive Award: Defendant shall pay the total sum of $1,500.00 to the Class Representative, Nicole Newman, payable through Class Counsel as an incentive payment for bringing and participating in the Action, *see Franklin v. Wells Fargo Bank, N.A.*, 14-cv-02349-MMA-BGS, Dkt. No. 47 (S.D. Cal.) (January 29, 2016) (approving $1,500 incentive award to named plaintiff);

E. Attorneys' Fees: Defendant shall pay to Class Counsel the sum of $2,040,000.00 as attorneys' fees incurred in litigating the Action, which fees will not dilute the Class Members' recovery. The Court finds that this amount of attorneys' fees in this Action, representing approximately 31.38% of the minimum $6,500,000 settlement payment, is reasonable. Further, the award of $2,040,000.00 in attorneys' fees is appropriate based on either the lodestar or common fund method, and Plaintiff's counsels' hourly rates are reasonable;

F. Litigation Costs: Defendant shall pay to Class Counsel the sum of $15,352.19 in litigation costs incurred in this Action, which costs are reasonable; and,

G. Notice and Settlement Administration Costs: Defendant shall pay the Settlement Administrator its notice and claims administration costs pursuant to the Settlement Agreement. As of February 23, 2016, such costs were approximately $1,663,775. These costs, which will likely increase based upon the Court's acceptance of late claims and the Settlement

        Administrator's final review of all claims received, appear to be fair and reasonable.

8. <u>EXCLUSIONS AND OBJECTIONS</u>: A total of 51 timely requests for exclusion were received. Those persons requesting exclusion are named on **Exhibit A** to this Order. The Court hereby excludes these individuals from the Class and the Settlement.

9. The Class Members were given an opportunity to object to the Settlement. Only 3 Class Members filed objections. None of the objecting Class Members appeared at the Final Approval Hearing. After consideration of each of the objections, the Court hereby overrules the objections.

10. This Order is binding on all Class Members, except those individuals named on **Exhibit A**, who validly and timely excluded themselves from the Class. Additionally, in the event the Court ultimately grants the Motion to Belatedly Opt Out filed by Mariamma Braxton, Ms. Braxton shall be deemed excluded from the Class and the Settlement and shall not be bound by this Order. Any ruling as to Ms. Braxton shall not upset the final approval of this class action settlement.

11. <u>RELEASE OF CLAIMS AND DISMISSAL OF LAWSUIT</u>: The Class Representative, Class Members, and their successors and assigns are permanently barred and enjoined from instituting or prosecuting, either individually or as a class, or in any other capacity, any of the released claims against any of the Released Persons, as set forth in the Agreement. Pursuant to the release contained in the Agreement, the released claims are compromised, discharged, and dismissed with prejudice by virtue of these proceedings and this Order. Agreement § 4.01.

12. The Action is hereby dismissed with prejudice in all respects.

13. This Order is not, and shall not be construed as, an admission by Defendant of any liability or wrongdoing in this or in any other proceeding.

14. Without affecting the finality of this Final Judgment and Order of Dismissal with Prejudice, the Court hereby retains continuing and exclusive jurisdiction over the Parties and all matters relating to the Action and/or Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the Settlement and this Order.

IT IS SO ORDERED.

Dated: March 28, 2016

*[signature]*
Hon. Dana M. Sabraw
United States District Judge